## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 23-51742-cag** |
| **CINCH WIRELINE SERVICES, LLC,** | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

## CINCH ENERGY SERVICES, LLC'S MOTION TO DISQUALIFY BUTCH BOYD LAW FIRM, P.C. AND JORDAN & ORTIZ, P.C. AS SPECIAL COUNSEL FOR THE TRUSTEE

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE CRAIG A. GARGOTTA, CHIEF U.S. BANKRUPTCY JUDGE:

Cinch Energy Services, LLC ("Cinch Energy"), a party-in-interest in the above-referenced chapter 7 bankruptcy case (the "Bankruptcy Case") by virtue of holding no less than 70% of the Debtor's membership interest, hereby files this Motion to Disqualify Butch Boyd Law Firm, P.C. and Jordan & Ortiz, P.C. as Special Counsel for the Trustee (the "Motion"), pursuant to 11 U.S.C. §§ 101, 327, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules") 2014(a), and Bankruptcy Local Rules for the Court (the "Local Rules") 2014, seeking disqualification of Butch Boyd Law Firm, P.C. and Jordan & Ortiz, P.C, from representing John Patrick Lowe, in his capacity as Chapter 7 trustee (the "Trustee"), as special counsel, and would respectfully show the Court as follows:

# I.    PRELIMINARY STATEMENT

1.      Prior to the Petition Date (defined below), Cinch Energy owned an equity interest in Debtor Cinch Wireline Services, LLC (the "Debtor") of no less than 70% of the Debtor's outstanding membership interest.  *See* Statement of Financial Affairs, Dkt. No. 8 at 17.  Frank Thomas Shumate, Jr. ("Shumate") is a principal of Cinch Energy and, by and through the Debtor, Shumate provided oil and gas related services throughout Texas.  Prior to the Petition Date, Cinch Energy, Shumate, and the Debtor were involved in state court litigation pending in the District Court of Nueces County, Texas, 117th Judicial District (the "State Court") in a case captioned: *Mary Kay McGuffin v. Cinch Energy Services, LLC, et al.,* Cause No. 2020DCV-3095-B (the "State Court Litigation").

2.      In the State Court Litigation, Mary Kay McGuffin ("McGuffin") asserts claims against Cinch Energy, Shumate, the Debtor arising from, among other things, McGuffin's alleged equity interest in the Debtor and failure to provide McGuffin with her share of dividends, distributions, and profits arising from the Debtor's operations.  McGuffin is represented by the Butch Boyd Law Firm, P.C. ("BBLF") in the State Court Litigation.  In the Bankruptcy Case, McGuffin has asserted a substantial proof of "claim" against the Debtor in the amount of $16,500,000.00 arising from the same set of facts presented in the State Court Litigation.  Cinch Energy has objection to McGuffin's "claim" as really an equity security interest, which is improper in a Chapter 7 bankruptcy.  Jordan & Ortiz, P.C ("J&O") filed a notice of appearance on McGuffin's behalf in the Bankruptcy Case, approximately one month before seeking retention as special counsel to the Trustee, and J&O remains McGuffin's counsel of record in the Bankruptcy Case.

3.      BBLF's and J&O's application for employment as special counsel, which was

supplemented and subsequently granted without a hearing, failed to disclose the true nature of McGuffin's connection and interest in this Bankruptcy Case and only identified McGuffin as a "creditor" of the Debtor's bankruptcy estate (the "Estate"). BBLF's and J&O's application for employment as special counsel further failed to disclose that McGuffin, through BBLF as counsel, was in active litigation against Cinch Energy, Shumate, and the Debtor as of the Petition Date, and that the litigation had been pending for more than three years prepetition. Because BBLF's and J&O's prior representation is an actual conflict of interest that was not adequately disclosed in their employment application, Cinch Energy moves to disqualify BBLF and J&O from representing the Trustee as special counsel.

## II.     JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Western District of Texas, San Antonio Division, has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and to hear and determine this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory grounds for relief requested herein are §§ 101(14) and 327(a), (e) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014(a), and Local Rule 2014.

## III.     BACKGROUND

**A.     Procedural Background.**

6.      On December 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, thereby commencing this Bankruptcy Case.

7.      The Trustee was appointed to serve as the Chapter 7 trustee in this Bankruptcy Case

on December 13, 2023.

8.     On January 22, 2024, Shelby A. Jordan and Antonio Ortiz, attorneys at J&O, filed a Notice of Appearance and Request for Notice in the Bankruptcy Case on behalf of McGuffin. *See* Dkt. No. 29.  J&O has not filed a motion to withdraw and remains counsel of record for McGuffin in this Bankruptcy Case.

9.     On February 21, 2024, the Trustee filed his Application for Retention of Butch Boyd Law Firm, P.C. and Jordan & Ortiz, P.C. as Counsel for the Estate Pursuant to 11 U.S.C. § 327(a) (Dkt. No. 37) (the "<u>Application</u>") seeking to retain and employ BBLF and J&O as counsel in this Bankruptcy Case.

10.     On March 1, 2024, the Trustee filed a Supplement and Clarification of the Application (Dkt. No. 42) (the "<u>Supplement</u>") and clarified that the Trustee's retention of BBLF and J&O was sought solely for the limited purpose of pursuing "claims and damages against certain Insiders, Affiliates, and Insiders to Affiliates, of the Debtor." *See* Dkt. No. 42, at 2.  The Supplement does not define the term "Insiders" or provide further clarification sufficient to determine the targets of such investigation, claims, and damages. *See id.*

11.     Shareholders for BBLF and J&O submitted declarations in support of BBLF's and J&O's retention but omitted significant details concerning McGuffin's claims against the estate.

12.     With respect to McGuffin, BBLF's declaration states that "BBLF does represent creditor, Mary Kay McGuffin, who has been fully apprised of the proposed representation of the Estate by BBLF and she has consented to this representation." Dkt. No. 42-1, at 2.  The declaration submitted by BBLF omits any reference to McGuffin's purported equity interest in the Debtor (as further described below) or BBLF's fee arrangement with McGuffin and only identifies McGuffin as a "creditor." *See* Dkt. No. 42-1.  The declaration submitted by BBLF further states that, other

than the representation of McGuffin as a creditor, BBLF does not have any conflicts or connections with the relevant parties in this Bankruptcy case, including the Debtor, creditors, and other parties in interest. *See* Dkt. No. 42-1 at 2, ¶ 6. The declaration submitted by BBLF does not disclose any pending litigation against Cinch Energy, Shumate, or the Debtor in which BBLF represents McGuffin as the plaintiff, both as of the Petition Date and through today. *See* Dkt. No. 42-1.

13. The declaration in support of J&O's retention states that "J&O filed a notice of appearance and request for notice on behalf of creditor, Mary Kay McGuffin but no formal fee agreement was signed or entered into, and that prior representation was for convenience of the client. J&O has not been retained by Mary Kay McGuffin and will not be representing her interest while retained as 'Special Counsel' to the Trustee." Dkt. No. 42-2, at 2. J&O has not filed a motion to withdraw and remains counsel of record for McGuffin in the Bankruptcy case. The declaration submitted by J&O does not disclose that its client, McGuffin, is a plaintiff in pending litigation against Cinch Energy, Shumate, and the Debtor in which J&O's co-counsel for the Trustee, BBLF, represents McGuffin, both as of the Petition Date and through today. *See* Dkt. No. 42-2.

14. On March 26, 2024, the Court entered its Order, without a hearing, approving the employment and retention of BBLF and J&O as special counsel. *See* Dkt. No. 57.

15. On April 2, 2024, McGuffin filed a Proof of Claim asserting an unsecured claim against the Debtor in the amount of approximately $16,500,000 for "unpaid distributions." *See* Proof of Claim 51, at 2, a copy of which is attached as **Exhibit A**.

16. On July 17, 2024, Cinch Energy filed an objection to McGuffin's Proof of Claim on the basis it's an alleged equity interest in the debtor, not a claim. *See* Dkt. No. 139.

**B.    The State Court Litigation.**

17.    On August 25, 2020, McGuffin filed an original petition (the "State Court Petition") and initiated the State Court Litigation against the Debtor, Shumate, and Cinch Energy.  A copy of the State Court Petition is attached as **Exhibit B**.  In subsequent amended petitions, McGuffin expanded the factual background, added new causes of action, and named Patron Wireline, LLC and Justin Sprencel ("Sprencel") as defendants in the State Court Litigation.

18.    On December 11, 2023—two days prior to the Petition Date in this Bankruptcy Case—McGuffin filed her Third Amended Petition, which included the following causes of action: Request for Accounting, Request for Temporary Injunction, Declaratory Judgment, and Jury Demand (the "Third Amended Petition").  A copy of the Third Amended Petition is attached as **Exhibit C**.

19.    The Third Amended Petition alleges that McGuffin entered into an oral agreement with Shumate that provided McGuffin with a 30% membership interest in the Debtor for her role:

> 21.    The agreement regarding Cinch Wireline Services was that McGuffin would provide the "sweat equity" (including managing the day-to-day operations, business generation, sourcing equipment and vendors, and other matters necessary to run the business) and Cinch Energy Services, LLC (of which Tom is a member) would provide the financial backing. They agreed that McGuffin would own 30% of Cinch Wireline Services, LLC and Cinch Energy Services, LLC would own 70%. McGuffin never worked for Cinch

*See* Exhibit C, at ¶ 21.

20.    The balance of the Petition asserts claims against the Debtor, Cinch Energy, and Shumate, among others, stemming from McGuffin's purported 30% membership interest in the Debtor and Shumate's breach of the oral agreement pertaining to McGuffin's purported ownership

interest and failure to provide McGuffin with distributions consistent with her ownership interest. *See id.* at ¶¶ 33-67.

21.     In the State Court Litigation, McGuffin's Third Amended Petition raised, for the first time, a request for declaratory judgment as to the "rights, status, and other legal relations of the parties" and requested that the State Court declare the following interests in the Debtor: "(1) Cinch Energy is no longer a Member of [the Debtor]; (2) [Justin] Sprencel is a Member with a 45%; (3) [Michael] Mendietta is a Member with a 20% interest; and (4) McGuffin is a Member with a 30% interest." *Id.* at ¶ 42.

22.     At all times during the State Court Litigation, McGuffin was and is represented by BBLF.  *See id.* at 16; *see also* Ex. B, State Court Petition at 7.

23.     As of the date hereof, no suggestion of bankruptcy or other pleading has been filed in the State Court Litigation indicating the filing of this Bankruptcy Case.  BBLF has not moved to withdraw from the State Court Litigation and remains counsel of record for McGuffin in her request for a declaratory judgment that she is a 30% owner of the Debtor and entitled to unpaid distributions and profits of the Debtor.

24.     In addition, on or about November 30, 2023, Justin Sprencel filed a Certificate of Amendment with the Texas Secretary of State as "Managing Member and President" of the Debtor, which purportedly removed Cinch Energy Services, LLC as a member of the Debtor and added Sprencel, Michael Mendietta ("Mendietta"), and McGuffin as managing members of the Debtor. A copy of the Certificate of Amendment is attached as **Exhibit D**.  Although Cinch Energy disputes its effectiveness or legitimacy, the Certificate of Amendment is consistent with McGuffin's allegation in ¶ 42 of the Third Amended Petition with respect to McGuffin, Sprencel and Mendietta being the alleged owners of the Debtor.

25.     Also on or about November 30, 2023, and although Cinch Energy disputes its effectiveness or legitimacy, Sprencel filed a Texas Franchise Tax Public Information Report (the "2023 PIR Report") with the Texas Secretary of State as "President" of the Debtor, which again identifies only Sprencel, Mendietta, and McGuffin as managing members of the Debtor. A copy of the 2023 PIR Report is attached as **Exhibit E**.

## IV.     RELIEF REQUESTED

26.     By this Motion, Cinch Energy seeks entry of an Order disqualifying BBLF and J&O from representing the Trustee as special counsel for the purpose of prosecuting claims for damages against "Insiders" and "Affiliates" due to BBLF's and J&O's (i) failure to accurately and adequately disclose McGuffin's true interest in this Bankruptcy Case, (ii) failure to disclose pending litigation against the Debtor, Cinch Energy, and Shumate relating to a dispute over ownership interests in the Debtor, (iii) actual conflict of interest in representing both the Trustee and McGuffin, (iv) lack of disinterestedness, and (v) predisposition under the circumstances that renders BBLF and J&O biased against the Debtor's Estate.

## V.     ARGUMENT

27.     As a threshold matter, the Application and Supplement omit significant details sufficient for this Court to make a determination of BBLF's and J&O's disinterestedness and qualifications under 11 U.S.C. § 327(a), including but not limited to:

   a.   that McGuffin alleges she is purportedly entitled to a 30% membership interest in the Debtor and unpaid distributions and profits of the Debtor dating back to 2014;

   b.   that BBLF represented McGuffin, as plaintiff, in an equity ownership dispute against the Debtor, Cinch Energy, and Shumate, as defendants, which had been pending for more than three years prior to the Petition Date in this Bankruptcy Case and remains pending through today;

   c.   whether McGuffin's alleged membership interest in the Debtor prohibits BBLF and J&O from providing the Trustee with truly independent, unbiased legal advice;

d.   whether the term "Insiders," as used in the Supplement, is to be given the meaning ascribed under 11 U.S.C. § 101(31);

e.   whether BBLF and J&O can truly provide independent advice to the Trustee when BBLF and J&O represent McGuffin, who as a purported equity owner in the Debtor and should be a target of an investigation into "insiders" of the Debtor; and

f.   whether BBLF's fee arrangement with McGuffin in the State Court Litigation and as special counsel in this Bankruptcy Case entitles BBLF to attorneys' fees in excess of the amounts disclosed to this Court in the Application and Supplement.

28.    BBLF's and J&O's failure to disclose McGuffin's alleged equity ownership in the Debtor is sufficient on its own to justify disqualification.

**A.    Standard for Employment of Estate Professionals.**

29.    To be employed as special counsel for the trustee, a law firm must show that it does "not hold or represent an interest adverse to the estate, and that [it is] disinterested."  11 U.S.C. § 327(a); *see In re Age Ref., Inc.*, 447 B.R. 786, 801 (Bankr. W.D. Tex. 2011) ("As interpreted by the Fifth Circuit, section 327(a) sets forth a general two-part limiting test: the Trustee may hire only those professionals who 1) do 'not hold or represent an interest adverse to the estate,' and 2) are 'disinterested'") (citations omitted).

30.    Section 327(c) of the Bankruptcy Code specifies that such professional person is "not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."  11 U.S.C. § 327(c).

31.    Section 327(e) permits the trustee to employ for a specified special purpose an attorney if the "attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

32.     Courts in the Fifth Circuit have observed that these standards are strict to ensure that estate representatives are "free of the slightest personal interest" and that such professionals possess a "high degree of impartiality and detached judgment." *In re West Delta Oil*, 432 F.3d 347, 355 (5th Cir. 2005).

33.     Several courts interpreting 11 U.S.C. § 327(e), including the Fifth Circuit, have concluded that the proposed counsel's "adverse interest is relevant only if that interest relates to the matter on which the special counsel is employed." *In re Contractor Tech., Ltd.*, No. 05-3212, 2006 WL 1492250, at *5 (S.D. Tex. May 30, 2006) (citing *In re West Delta Oil*, 432 F.3d at 356; *In re AroChem Corp.*, 176 F.3d 610, 628 (2d Cir. 1999)).

34.     In the Fifth Circuit, the phrase "represent or hold an interest adverse to the debtor or the estate" is interpreted as follows: "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." *In re Age Ref., Inc.*, 447 B.R. 786, 802 (Bankr. W.D. Tex. 2011) (citing *West Delta Oil*, 432 F.3d at 356).

35.     Courts in the Fifth Circuit have interpreted "adverse interest" by reference to the applicant's motivation and by asking "whether the attorney possesses 'a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors.'" *Id.* (citing *In re Contractor Tech., Ltd.*, 2006 WL 1492250, at *6).

36.     A "disinterested person" is one that, among other things, "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(c).

37.     "An actual conflict mandates disqualification of a professional to serve in a bankruptcy case . . . A potential conflict also provides sufficient grounds for a court to deny a professional's employment." *In re Shat*, No. BAP.NV-09-1092-MODK, 2009 WL 7809004, at \*6 (B.A.P. 9th Cir. Nov. 25, 2009) (citations omitted).

38.     Motions to disqualify are "governed by the ethical rules announced by the state and national professions in light of the public interest and rights of the litigants." *In re American Airlines*, 972 F.2d 605, 610 (5th Cir. 1992).

39.     Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct ("Disciplinary Rules") provides, in relevant part, that:

> (b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:
>
> > (1) involves a substantially related matter in which that person's interests are ***materially and directly adverse*** to the interests of another client of the lawyer or the lawyer's firm; or
> >
> > (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

Tex. Disciplinary R. Prof'l Conduct 1.06(b)(1)-(2) (emphasis added).

40.     The Disciplinary Rules indicate that representation of one client is "directly adverse" to the representation of another client under Disciplinary Rule 1.06(b)(1) "if the lawyer's independent judgment on behalf of a client or the lawyer's ability or willingness to consider, recommend or carry out a course of action will be or is reasonably likely to be adversely affected by the lawyer's representation of, or responsibilities to, the other client." Tex. Disciplinary R. Prof'l Conduct 1.06, cmt. 6.

41.     Bankruptcy Rule 2014 governs applications to employ counsel and places the burden on the applicant to disclose "all of the person's connections with the debtor, creditors, any

other party in interest, their respective attorneys and accountants." Fed. R. Bankr. P. 2014(a).

42.     One court in the Fifth Circuit has described the Rule 2014 disclosure requirements as follows:

> [A]ny professional who seeks to employed by a bankruptcy estate assumes an affirmative duty to disclose all connections with parties in interest, and to reveal any interest which may be antagonistic or opposite to the interest of the estate. . . *The professional must disclose all facts that bears on its disinterestedness and cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not.  The existence of an arguable conflict must be disclosed if only to be explained away* . . . The professional's duty to disclose is self-policing. *The court relies primarily on forthright disclosure to determine qualification under section 327.  It should not have to rummage through files or conduct independent fact-finding investigations to determine if the professional is disqualified*.

*In re C & C Demo, Inc.*, 273 B.R. 502, 506-07 (Bankr. E.D. Tex. 2001) (emphasis added).

**B.     BBLF and J&O Do Not Qualify to Act as Special Counsel under 11 U.S.C. § 327.**

43.     BBLF's and J&O's ongoing representation of McGuffin in the State Court Litigation and/or this Bankruptcy Case raises serious questions about their disinterestedness and actual or potential representation of adverse interests in this Bankruptcy Case.  The Application and Supplement provide no mention or reference to the existence of the State Court Litigation and make no mention of BBLF's role as counsel to McGuffin in that lawsuit, or that the Debtor was a defendant in that lawsuit.  Although the Supplement does identify the representation of McGuffin by BBLF and J&O, the Supplement fails to disclose facts sufficient to discern McGuffin's true interest in these proceedings and her adversity to the Debtor and other equity holders in the State Court Action.  Because the interest of McGuffin and the Trustee may not be aligned, and BBLF and J&O may be incentivized to act contrary to the best interest of the Estate due to their relationship with McGuffin, BBLF and J&O should be disqualified from representing the Trustee as special counsel.

## i.    BBLF and J&O Are Not Disinterested with Respect to the Matter on Which They Are Employed.

44.    BBLF and J&O are not disinterested and hold and represent actual adverse interests or potential adverse interests in this Bankruptcy Case, because the Trustee has employed them for the special purpose of prosecuting claims for damages against "Insiders" and McGuffin is purportedly an insider by virtue of her alleged membership interest in the Debtor. *See* Ex. A, Proof of Claim 51 at 2; *see also* Ex. C, Third Amended Petition; *see also* Ex. D, Certificate of Amendment.

45.    Although "Insiders" is not a defined term in the Supplement, the Bankruptcy Code defines such term to include a "person in control of the debtor." 11 U.S.C. § 101(31)(B). As an alleged managing member of the Debtor, McGuffin undoubtedly qualifies as an insider of the Debtor who should be investigated for causes of action under Chapter 5 of the Bankruptcy Code.

46.    The Application and Supplement provide no discussion or explanation of how BBLF and J&O can independently investigate and pursue causes of action for damages against insiders without bias and simultaneously represent McGuffin. Moreover, BBLF has filed suit on behalf of McGuffin in the State Court Litigation directly against the Debtor and, as of the date hereof, that lawsuit is still pending and BBLF has not withdrawn as counsel to McGuffin.[1] In addition, McGuffin, through BBLF as counsel, has asserted in the Third Amended Petition that Cinch Energy is no longer a member of the Debtor, and that only McGuffin, Sprencel and Mendietta are members of the Debtor. Therefore, BBLF's and J&O's representation of McGuffin

---

[1] The Court should take judicial notice of the pleadings filed in the State Court Litigation—without the need for Cinch Energy to attach them as voluminous exhibits to this Motion—because they are a matter of public record that are undisputedly authentic. *See* Fed. R. Evid. 201(b), (c)(2). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). "Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice." *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018) (collecting cases).

and their simultaneous representation of the Trustee creates an unwaivable and irreconcilable conflict of interest, because BBLF's and J&O's role as special counsel requires them to investigate and potentially pursue causes of action against McGuffin. *See* Tex. Disciplinary R. Prof'l Conduct 1.06, cmt. 6. Thus, McGuffin's individual interests in the State Court Litigation and the Trustee's retention of BBLF and J&O for the purpose of prosecuting insider claims, which purportedly includes McGuffin, are "materially and directly adverse" to one another. Moreover, BBLF represents McGuffin in current litigation against the Debtor, Cinch Energy, and Shumate for a determination as to who is an of the Debtor. Because BBLF's and J&O's representation of McGuffin and their simultaneous representation of the Trustee creates an unwaivable conflict of interest, BBLF and J&O should be disqualified from representing the Trustee. BBLF's and J&O's prior (and ongoing) representation of McGuffin precludes them from serving as special counsel to the Trustee for purposes of investigating insider causes of action without bias in favor of their current client, McGuffin.

47.     Notably, as part of the Trustee's adversary proceeding against Cinch Energy and Shumate, witnesses testified at hearings concerning Mendietta's and Sprencel's embezzlement of the Debtor's assets and acknowledged that Mendietta and Sprencel defrauded the Debtor in the approximate amount of $5.6 million. *See, e.g.*, Adv. P. 24-05011, Apr. 25, 2024 Hearing Transcript, at 249:21-251:2, 252:3-6; 169:24-172:13; Adv. P. 24-05011, Apr. 30, 2024 Hearing Transcript, at 123:21-134:12, 219:10-221:14. These claims alone, based on sworn testimony before this Court, are sufficient to satisfy all of Debtor's unsecured creditors after Cinch Energy's objections to claims are granted. However, as of the date hereof, the Trustee has not filed or prosecuted claims against Mendietta or Sprencel, which suggests the Trustee's special counsel is selectively prosecuting an action against Cinch Energy and Shumate and ignoring viable claims

against the Debtor's other purported insiders to the prejudice and detriment of the Debtor's Estate and its creditors. BBLF and J&O's prosecution of claims against Cinch Energy and Shumate, to the exclusion of similar claims against Mendietta and Sprencel, also raises serious questions over their independence from their representation of McGuffin and her influence over the claims that are prosecuted for the benefit of the Debtor's Estate. In effect, BBLF's and J&O's prior representation of McGuffin predisposes them to be biased against prosecuting causes of action against her (and potentially other insiders), even though the Application and Supplement charge BBLF and J&O with investigating such claims.

### ii. BBLF's and J&O's Disclosures Are Inadequate.

48. With respect to Rule 2014 disclosures, the Bankruptcy Code "allows the fox to guard the proverbial hen house," but counsel who fail to disclose timely and completely their connections in the case proceed at their own risk. *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998). BBLF and J&O failed to fully and completely disclose their connection to this Bankruptcy Case. BBLF failed to disclose its representation of McGuffin in the State Court Litigation or that McGuffin's interest in this proceeding is that of a purported 30% equity interest holder in the Debtor, and that McGuffin was a plaintiff in pending litigation against the Debtor, Cinch Energy, and Shumate over her alleged equity interest in the Debtor. Similarly, J&O failed to disclose McGuffin's interest in this proceeding as that of a purported 30% equity interest holder in the Debtor, and that McGuffin was a plaintiff in pending litigation against the Debtor, Cinch Energy, and Shumate over her alleged equity interest in the Debtor. Moreover, J&O's assertion that it had no formal agreement to represent McGuffin, and that it only filed a notice of appearance in this Bankruptcy Case as a matter of convenience, does not undo the creation of an attorney-client relationship.

49.     Under Texas law, an attorney-client relationship may be formed expressly (by written agreement) or implied by the parties' conduct. *See In re Rosenthal & Watson, P.C.*, 612 B.R. 507, 544 (Bankr. W.D. Tex. 2020) (citations omitted). "An attorney that enters an appearance for a party is presumed to be authorized to do so, unless it is conclusively shown that the attorney was not authorized to appear for the party." *Id.* at 543 (citations omitted). Because J&O appeared in this Bankruptcy Case on behalf of McGuffin and has not withdrawn from representing McGuffin in this Bankruptcy Case, and J&O has failed to conclusively establish that no attorney-client relationship was established with McGuffin, J&O is also disqualified for its representation of an interest directly adverse to the Debtor.

50.     These omissions prevented the Court from determining BBLF's and J&O's disinterestedness for purposes of prosecuting insider claims and raises serious concerns about where the firms' undivided loyalty may lie if claims were uncovered against McGuffin or the other individuals she alleges are members of the Debtor (*i.e.*, Sprencel and Mendietta). In fact, the Application and Supplement fail to contemplate that such insider claims against McGuffin may even exist. Should such a dispute arise, how can BBLF and J&O provide unbiased legal advice to both the Trustee and McGuffin? The simple answer is that the firms cannot serve two masters. Because these are matters that touch on the core of the professionals' special purpose as counsel, Cinch Energy respectfully requests that this Court enter an order disqualifying BBLF and J&O from representing the Trustee.

## VI.     CONCLUSION

WHEREFORE, Cinch Energy respectfully requests that the Court: (i) grant this Motion and enter an order disqualifying BBLF and J&O from representing the Trustee; (ii) withdraw the Order approving the employment and retention of BBLF and J&O; and (iii) grant such other and

further relief as the Court deems just.

Dated:  July 17, 2024

Respectfully Submitted,

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-1179
(512) 479-1101 (fax)

By: /s/ Jameson J. Watts
    Jameson J. Watts
    Texas State Bar No. 24079552
    jameson.watts@huschblackwell.com

-And-

**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Tel: (423) 266-5500
Fax: (423) 266-5499

    Ryan A. Burgett
    Tennessee Bar No. 33641
    Ryan.Burgett@huschblackwell.com

**COUNSEL FOR CINCH
ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 17th day of July 2024, a true and correct copy of the foregoing was served by the CM-ECF system to all parties registered to receive such notice as reflected on the attached list.

/s/ Jameson J. Watts
Jameson J. Watts

**A-7 AUSTIN, LLC**
c/o John Massouh
SPROUSE SHRADER SMITH
PO Box 15008
Amarillo, TX 79105
*Added: 01/09/2024*
*(Creditor)*

represented
by

**John F Massouh**
Sprouse Shrader Smith P.C.
P.O. Box 15008
Suite 500
Amarillo, TX 79101
806-468-3300
806-373-3454 (fax)
john.massouh@sprouselaw.com
*Assigned: 01/09/24*

**Butch Boyd**
Butch Boyd Law Firm, P.C.
2905 Sackett Street
Houston, TX 77098
713-589-8477
*Added: 03/26/2024*
*(Interested Party)*

**Cinch Wireline Services, LLC**
146 Motts Parkway
Marion, TX 78124
Tax ID / EIN: 37-1857730
*Added: 12/13/2023*
*(Debtor)*

represented
by

**James Samuel Wilkins**
James S. Wilkins, PC
1100 NW Loop 410, Suite 700
San Antonio, TX 78213
(210) 271-9212
jwilkins@stic.net
*Assigned: 12/13/23*

**First International Bank & Trust**
*Added: 01/09/2024*
*(Creditor)*

represented
by

**Brandon Craig Bickle**
Gable & Gotwals, PC
110 N Elgin Ave, Suite 200
Tulsa, OK 74120
(918) 595-4800
(918) 595-4990 (fax)
bbickle@gablelaw.com
*Assigned: 01/09/24*

**Ford Motor Credit Company**
Brady Law Firm
6136 Frisco Square Blvd., Suite 400
Frisco, TX 75034
469-287-5474
sgodwin@brady-law-firm.com
*Added: 02/20/2024*
*(Creditor)*

represented
by

**Shawn K. Brady**
Brady Law Firm, PLLC
6136 Frisco Square Blvd., Suite 400
Frisco, TX 75034-5891
469-287-5484
sgodwin@brady-law-firm.com
*Assigned: 02/20/24*

**Hunting Titan, Inc.**
*Added: 01/09/2024*
*(Creditor)*

represented by

**Laura Crabtree**
Dore Rothberg Law, PC
16225 Park Ten Place Dr.
Suite 700
Houston, TX 77084
(281) 829-1555
(281) 200-0751 (fax)
lcrabtree@dorelaw.com
*Assigned: 05/02/24*

**Carl Dore, Jr**
Dore Law Group, PC
17171 Park Row, Suite 160
Houston, TX 77084
(281) 829-1555
(281) 200-0751 (fax)
carl@dorelawgroup.net
*Assigned: 01/09/24*

**Shelby A. Jordan**
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd., Ste. 804
Corpus Christi, TX 72401
361-884-5678
*Added: 03/26/2024*
*(Interested Party)*

**Mark Lopez**
52 County Road 3011
Edna, TX 77957
*Added: 05/02/2024*
*(Interested Party)*

represented by

**Charles A. Newton**
Newtons Law
190 N. Millport Circle
The Woodlands, TX 77382
281-681-1170
281-901-5631 (fax)
chuck@newtons.law
*Assigned: 05/02/24*

**John Patrick Lowe**
2402 East Main Street
Uvalde, TX 78801
830-407-5115
pat.lowe.law@gmail.com
*Added: 12/13/2023*
*(Trustee)*

represented by

**Shelby A. Jordan**
Jordan & Ortiz, PC
500 N Shoreline Blvd
Ste 804
Corpus Christi, TX 78401
361-884-5678
sjordan@jhwclaw.com
*Assigned: 03/11/24*

**John Patrick Lowe**
2402 East Main Street
Uvalde, TX 78801
830-407-5115
pat.lowe.law@gmail.com
*Assigned: 02/21/24*

**Mary Kay McGuffin**
*Added: 01/22/2024*
*(Interested Party)*

represented
by

**Shelby A. Jordan**
Jordan & Ortiz, PC
500 N Shoreline Blvd
Ste 804
Corpus Christi, TX 78401
361-884-5678
sjordan@jhwclaw.com
*Assigned: 01/22/24*

**Michael Mendietta**
*Added: 04/18/2024*
*(Interested Party)*

**National Tank & Equipment, LLC**
c/o James W. King
6420 Wellington Pl
Beaumont, TX 77706
*Added: 02/14/2024*
*(Creditor)*

represented
by

**James W. King**
Offerman and King, LLP
6420 Wellington Place
Beaumont, TX 77706
(409) 860-9000
(409) 860-9199 (fax)
jking@offermanking.com
*Assigned: 02/14/24*

**Justin Sprencel**
4083 Emil Street
Robstown, TX 78380
3617715986
justin@dbatcorpuschristi.com
*Added: 03/14/2024*
*(Interested Party)*

represented
by

**Mitchell Clark**
Law Offices of J. Mitchell Clark
3722 Nahid Court
Corpus Christi, TX 78418
361-887-8500
361-882-4500 (fax)
mitchell@txverdict.com
*Assigned: 03/14/24*

**Texas Comptroller of Public Accounts, Revenue Accounting Division**
Christopher S. Murphy
PO Box 12548
Austin, TX 78711-2548
*Added: 01/08/2024*
*(Creditor)*

represented by

**Christopher S. Murphy**
Texas Attorney General's Office
PO Box 12548
Austin, TX 78711
512-475-4867
512-936-1409 (fax)
bk-cmurphy@oag.texas.gov
*Assigned: 01/08/24*

**United States Trustee - SA12**
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78205
(210) 472-4640
USTPRegion07.SN.ECF@usdoj.gov
*Added: 12/13/2023*
*(U.S. Trustee)*