# EXHIBIT B

CAUSE NO. 2020DCV-3095-B

| | | |
|---|---|---|
| **MARY KAY MCGUFFIN** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | **NUECES COUNTY, TEXAS** |
| § | | |
| **CINCH ENERGY SERVICES, LLC,** § | | |
| **CINCH WIRELINE SERVICES, LLC,** § | | |
| **AND FRANK THOMAS SHUMATE, JR.** § | | |
| *Defendants.* § | | **____ JUDICIAL DISTRICT** |

## PLAINTIFF MARY KAY MCGUFFIN'S ORIGINAL PETITION, REQUEST FOR ACCOUNTING, JURY DEMAND AND REQUEST FOR DISCLOSURES

Plaintiff Mary Kay McGuffin ("Plaintiff" or "McGuffin") files this Original Petition, Request for Accounting, Jury Demand, and Request for Disclosures against Cinch Energy Services, LLC, Cinch Wireline Services, LLC and Frank Thomas Shumate, Jr. (collectively as "Defendants") and would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff Mary Kay McGuffin is an individual residing in Colorado County, Texas.

2. Defendant Cinch Energy Services, LLC is a limited liability company with its principal business address of P.O. Box 707, Ganado, Texas and may be served by serving its registered agent Mark Lopez at 1102 S. Second, Ganado, TX 77962.

3. Defendant Cinch Wireline Services, LLC is a limited liability company with its principal business located at 5821 Agnes St., Corpus Christi, TX 78406 and may be served by serving its Registered Agent, David S. Gibson II, 3833 S. Staples Street., Ste. S217, Corpus Christi, TX 78411.

4. Defendant Frank Thomas Shumate. Jr. is an individual and may be served at his place of abode at 290 N. Washington Dr., Sarasota, FL 34236.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter, as the damages in controversy are within the jurisdictional limits of this Court.

6. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $1,000,000.

7. Venue is proper in Nueces County because that is the county of Defendant Shumate's residence at the time the causes of action accrued. Venue is also proper in Nueces County because all or a substantial part of the events or omissions giving rise to the claims occurred in Nueces County.

## III. DISCOVERY

8. In accordance with Texas Rules of Civil Procedure, discovery in this case is intended to be conducted under Level 3.

## IV. FACTS

9. In 2014, McGuffin formed Cinch Wireline Services, LLC with Frank Thomas Shumate ("Shumate"). McGuffin and Cinch Energy Services, LLC, were the members of Cinch Wireline Services, LLC. Cinch Energy Services, LLC is a limited liability company owned and controlled by Shumate. McGuffin was responsible for the day-to-day operations of Cinch Wireline Services, LLC and business generation, while Shumate (through Cinch Energy Services, LLC) provided the financial capital. Cinch Wireline Services, LLC is located in Corpus Christi, Texas.

Copy from re:SearchTX

11. In 2016, McGuffin came home to be surprised by a strange person jumping in her company vehicle. The person stated that he was there to take back the company vehicle. That is how McGuffin learned that she was purportedly being fired from Cinch Wireline Services. She never received a formal notice or other communication regarding her termination.

12. Shumate placed someone else in charge of the company, and it has continued to operate to this day as a successful oil and gas services company. McGuffin still owns her membership interest, yet she has been shut out of the company, with no distributions and no accounting provided to her.

## V. CAUSES OF ACTION

### A. Breach of Contract

13. McGuffin incorporates the preceding paragraphs by reference as if fully set forth herein.

14. Defendants breached their agreements with McGuffin, causing McGuffin's injuries.

### B. Unjust Enrichment

15. McGuffin incorporates the preceding paragraphs by reference as if fully set forth herein.

16. McGuffin is entitled to recover under the theory of unjust enrichment because Defendants have obtained benefits from McGuffin by fraud, duress, or taking undue advantage, or the contemplated agreements are unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons.

Copy from re:SearchTX

## C. Money Had and Received

17. McGuffin incorporates the preceding paragraphs by reference as if fully set forth herein.

18. Defendants hold money that belongs to McGuffin in equity and good conscience.

## D. Breach of Fiduciary Duty

19. McGuffin incorporates the preceding paragraphs by reference as if fully set forth herein.

20. Defendants owe fiduciary duties to Cinch Wireline Services, LLC. Defendants breached their fiduciary duties to Cinch Wireline Services, LLC by having Cinch Wireline Services, LLC make improper distributions and / or paying for personal items. Defendants' breaches resulted in injuries to Cinch Wireline Services, LLC or benefits to the Defendants. Defendants put their interests ahead of Cinch Wireline Services, LLC. McGuffin is entitled to recover her actual damages for these breaches of fiduciary duties as well as equitable relief including accounting and disgorgement.

## E. Demand for Accounting

21. McGuffin incorporates the preceding paragraphs by reference as if fully set forth herein.

22. The facts and accounts presented are so complex that relief may not be provided for at law. There is a close fiduciary relationship between the parties and respondents have access to the information necessary to provide an accounting.

Copy from re:SearchTX

23. Defendants hold, possess, or manage funds and will continue to hold, possess, or manage future funds, from revenues to which Plaintiff is entitled in whole or in part.

24. Plaintiff demands an accounting from Cinch Wireline Services, LLC.

25. Plaintiff is entitled to an accounting from Defendants to determine the actual amounts due and owing to Plaintiff.

## VI.    DAMAGES

26. Defendants' acts have been the producing and proximate causes of Plaintiff's actual damages in excess of the minimum jurisdictional limits of this court. Plaintiff is entitled to both general and special damages.

27. Defendants' conduct was committed knowingly and intentionally. Plaintiff's injuries resulted from Defendants' fraud, malice or gross negligence. Accordingly, Defendants are liable for exemplary damages.

## VII.    ATTORNEY'S FEES

28. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Tex. Civ. Prac. & Rem. Code.

## VIII.    PERSONAL AND DERIVATIVE CLAIMS

29. McGuffin brings her claims personally and derivatively as authorized by Tex. Bus. Org. Code §§ 101.451 – 101.463.

## IX.    CONDITIONS PRECEDENT

30. All conditions precedent to bringing the above causes of action have been met or occurred.

Copy from re:SearchTX

## X. ALTERNATIVE PLEADINGS

31. The foregoing facts and theories are pled cumulatively and alternatively, with no election or waiver of rights or remedies.

## XI. REQUEST FOR DISCLOSURE

32. Under the Texas Rules of Civil Procedure 194, Plaintiff hereby requests that Defendants disclose, within 50 (fifty) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XII. TRIAL BY JURY

33. Plaintiff requests trial by jury and submits appropriate jury fee.

## XIII. PRAYER

34. Plaintiff prays that Defendants be cited to appear, and that Plaintiff have judgment against Defendants for all relief requested and for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled, including but not limited to:

   a. All the actual damages and exemplary damages caused by the wrongful conduct complained of herein;
   b. Equitable relief including, but not limited to, an accounting and disgorgement;
   c. Reasonable and necessary attorney's fees;
   d. Pre- and post-judgment interest;
   e. Costs of suit; and
   f. Other such relief at law and equity for which Plaintiffs may be justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**BUTCH BOYD LAW FIRM**

_____
ERNEST W. ("BUTCH") BOYD
State Bar No. 00783694
butchboyd@butchboydlawfirm.com
JEREMY R. STONE
State Bar No. 24013577
jeremystone@butchboydlawfirm.com
MICHAEL J. BLANCHARD
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com
2905 Sackett Street
Houston, Texas 77098
Phone: (713) 589-8477
Fax: (713) 589-8563

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX