| | | |
|---|---|---|
| In re: | § | **Case No. 23-51742-cag** |
| **CINCH WIRELINE SERVICES, LLC** | § | |
| **Debtor** | § | **Chapter 7** |
| | § | |

## RESPONSE TO CINCH ENERGY SERVICES, LLC'S MOTION TO DISQUALIFY BUTCH BOYD LAW FIRM, PC AND JORDAN & ORTIZ, PC AS SPECIAL COUNSEL FOR THE TRUSTEE
[DOCKET #141]

TO THE HONORABLE CRAIG GARGOTA, CHIEF UNITED STATES BANKRUPTY JUDGE

John Patrick Lowe, Chapter 7 Trustee for Cinch Wireline Services, LLC ("Trustee", "Cinch Wireline" or "Debtor-CWS"), pursuant to 11 U.S.C. § 326(b),(e) and Federal Rule of Bankruptcy Procedure 2014(a) files this Response to the Cinch Energy Services, LLC Motion to Disqualify Butch Boyd Law Firm, PC and Jordan & Ortiz, PC as Special Counsel for the Trustee [Dt #141] ("Motion to Disqualify") and states as follows:

## I.
## PRELIMINARY STATEMENT OF OBJECTION

1.      The law firms of Jordan & Ortiz, P.C. ("Jordan-Firm") and Butch Boyd Law Firm ("Boyd-Firm") (collectively the Jordan-Firm and the Boyd-Firm are "Special Counsel"), along with the Trustee, filed applications to be employed by the Trustee as its special counsel to prosecute, on a contingent fee, the recovery of assets as property of the estate of Debtor-CWS, together with attorney's fees and damages (actual and punitive) (herein the "Applications") for the willful and intentional, illegal, and misconduct of members of a Civil Conspiracy of Individual Defendants to defraud as more fully described in the Trustee's First Amended Complaint, and to obtain recoveries from the affiliate Entity Defendants as the "alter egos" of the Civil Conspiracy. Additionally, Special Counsel has been retained to recover from Simmons Bank the loss of more

than $14 million in its assets as (i) a fraudulent transfer, and/or (ii) as subject to a Resulting Trust under State law avoiding Simmons Bank rights to its Collateral derivative of its assets, and/or (iii) for money had and received under state law.

2.     The Applications were accompanied by Declarations of the Special Counsel, copies of which are attached hereto as "**Exhibit "1"** and **Exhibit "2"** and incorporated herein by reference as if fully set out herein verbatim. The Declarations makes every effort to disclose all possible connections with the estate that Special Counsel desired to represent, and Special Counsel believes that such Declarations fully and completely satisfy the requirement of disclosure of any potential or actual adverse interest or conflict of interest.

3.     Special Counsel to the Trustee sought retention pursuant to 11 U.S.C. 327(b) which, although not requiring a showing of "disinterestedness" does require a showing of "no adverse interest" to the Chapter 7 Estate.   The Fifth Circuit in *In re West Delta Oil Co.*, 432 F.3d 347, 355 (5th Cir. 2005) instructs that a party has an adverse interest to the estate if it:

> (1) [ ] possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) possess[es] a predisposition under circumstances that render such a bias against the estate." (The court) … examines the specific facts of each case and 'with attention to circumstances which may impair a professional's ability to offer impartial, disinterested advice to his or her client.'

4.     To aid the court and parties to a bankruptcy case, Federal Rule of Bankruptcy Procedure 2014(a) requires proposed professionals seeking retention by trustee to disclose in a verified statement all connections with (1) the debtor, (2) creditors, (3) any other party in interest, (4) their respective attorneys and accountants, (5) the United States trustee, or any person employed in the office of the United States Trustee.  Special Counsel both fully disclosed a "connection" to a creditor of the Chapter 7 estate, M.K. McGuffin ("McGuffin").

5.     The Cinch Energy Services, LLC ("CES") Motion to Disqualify challenges both standards, suggesting that Special Counsel have acted to knowingly fail to disclose adverse economic interests to this Court and creditors.  Of note, the Movant, CES, is a target of litigation filed by the Special Counsel on behalf of the Debtor for CES's conduct (directed by the Individual Defendants primarily Frank Thomas Shumate ["Shumate"] and Martin Kroesche ["Kroesche"]) in illegally denuding *Debtor-CWS of all of its assets*,[1] leaving it wholly insolvent, and comingling all of its operational income with that of CES (income that Debtor-CWS generated over 65% of the total), in part to obtain the Spirit/Simmons Bank "MainStreet Loan" of $21 million to support the extravagant lifestyle of the Individual Defendants named in that Adversary Proceeding.

6.     Movant CES counsels filing the Motion to Disqualify has and represents significant conflicts of interest among most all the target Entity Defendants but in particular, Shumate.  For instance, Shumate claims ownership of CES, and in this Motion CES states that it owns 70% or more of the interests in Debtor-CWS as its subsidiary and affiliate.[2]  However, in denuding Debtor-CWS and defrauding the U.S. government in its MainStreet Loan application and in the resulting MainStreet Loan Agreement (and illegally and wrongfully pledging the ill-gotten Debtor-CWS assets[3] to secure the MainStreet Loan) CES and Shumate falsely represented that CES had no

---

[1]     Sec. 101.206 of the Texas Business Organizations Code ("BOC") provides as follows: Sec. 101.206.  PROHIBITED DISTRIBUTION;  **DUTY TO RETURN**.  (a)  Unless the distribution is made in compliance with Chapter 11, *a limited liability company may not make a distribution to a member of the company if, immediately after making the distribution, the company's total liabilities, other than liabilities described by Subsection (b), exceed the fair value of the company's total assets*. [Emphasis Added].
Thus, "distributing" assets from CWS without consideration to CES, an affiliate claiming a 70% membership of CES, is also a textbook example of a "Prohibited Distribution" under the BOC

[2]     *See*, Introductory paragraph:  "Cinch Energy Services, LLC ("Cinch Energy") … a party-in-interest in the above-referenced chapter 7 bankruptcy case (the "Bankruptcy Case") **by virtue of holding no less than 70% of the Debtor's membership interest**, hereby files this Motion to Disqualify …." (Emphasis Added.)

[3]     *See,* footnote 1 *supra.*

subsidiary or joint interests with other companies or affiliates connected to the MainStreet Loan.[4]

Counsel to CES represents Shumate, the manager and majority owners, a glaring conflict of interest.

7.  As a target-Defendant in the Adversary filed against CES, on **July 17, 2024** CES filed a Motion to Disqualify Special Counsel ("Motion to Disqualify), claiming its status as "a party in interest" in the Debtor-CWS case [Dkt #141], notwithstanding that Special Counsel filed their Applications for appointment as Special Counsel on **February 21, 2024** [Dkt #37] and filed a Supplement and Clarification Application for Retention as Special Counsel on **March 1, 2024** [Dkt #42] timely serving both notice on CES at the time of filing, as well as all other parties then known to be entitled to Notice of the Applications.

8.  It is not only significant that CES waited five (5) months to file its Motion to

---

[4]     The MainStreet Loan Agreement provide:
*LOAN AGREEMENT*
*Dated as of December 9, 2020*
*between*
*CINCH ENERGY SERVICES, L.L.C.,*
*as Borrower*
*and*
*SPIRIT OF TEXAS BANK, SSB,*
*as Lender*
        …
        Section 1.1 Definitions
        …
        "Subsidiary" of a Person means a corporation, partnership, limited liability company, association or joint venture or other business entity of which a majority of the Equity Interests having ordinary voting power for the election of directors or other governing body (other than securities or interests having such power only by reason of the happening of a contingency) are at the time owned or the management of which is controlled, directly, or indirectly through one or more intermediaries, by such Person. ***Unless otherwise specified, all references herein to a "Subsidiary" or to "Subsidiaries" shall refer to a Subsidiary or Subsidiaries of Borrower.***
…
**Loan Agreement (*Cinch Energy Services, LLC*)**                                    Pg. 8

SCHEDULE 5.13
**Subsidiaries and Ventures**
NONE.
**Loan Agreement (*Cinch Energy Services, LLC*)**                          *Schedule 5.13*

Disqualify, but shortly after the February 21 Applications to Employ Special Counsel, CES's counsel Paul O'Finan appeared in this Court complaining about Special Counsel's "conflict of interest" with a prior client of the Boyd-Firm and the potential client of the Jordan-Firm. O'Finan complained that McGuffin claimed to be an equity holder in, and a creditor of, Debtor-CWS. On each of the several occasion CES counsel complained of this purported conflict[5], the Court admonished CES' counsel to file an objection if it desired to argue and obtain relief on the issues of a conflict of interest. Although CES counsel was active in the case until replaced by another counsel in May 2024, CES did not file any objection to the Applications or the Order entered on March 26, 2024, approving the Applications [Dkt #57], or any associated Orders by this Court until **July 17, 2024**, 5 months after first receiving notice of Special Counsel's Application.

## II.
### THE FULLY DISCLOSED PAST REPRESENTATION OF, AND RELATIONSHIP TO M.K. McGUFFIN

9.     The Motion to Disqualify centers its complaint of a conflict regarding Mary Kay McGuffin ("McGuffin") who was a prior client of the Boyd-Firm and a potential client of the Jordan-Firm, and who asserts claims of equity and other damages against CES. In State Court (a case now stayed) McGuffin asserts claims against CES, Frank Thomas Shumate ("Shumate"), both non-debtor defendants. CES is not a creditor of Debtor-CWS, has, however, filed an omnibus objection to the Proof of Claims of McGuffin, as well as the two other equity claimants (Mendieta and Sprencel) seeking to have their claims denied. Of note, Special Counsel did not represent McGuffin in preparation of her proof of claim, or in the Movant's objection to her claim.

10.     As to the Jordan-Firm, the sole connection between McGuffin and Debtor-CWS is

---

[5]     *See* April 25, 2024 at transcript page 18-26.

fully and completely disclosed and consists of filing a Notice of Appearance and Request for Notice [Dkt #29] on her behalf as part of the firm's due diligence to determine if the Jordan-Firm would represent her interest in the Debtor-CWS Chapter 7 case. It was determined that the Jordan-Firm would not represent her interest, and no retention and fee agreement was executed, no fee payment was ever received, and no billing statement was ever sent to McGuffin. As to the Boyd-Firm, the sole connection between McGuffin and CWS is fully and completely disclosed and consists of representation in the State Court Litigation against Frank Thomas Shumate, CES, and others and is stayed and wholly inactive. It was determined that the Boyd-Firm would not represent McGuffin in connection with any matter in the bankruptcy case, including no representation or advice concerning her claim, her proof of claim, or issues and matters relating thereto. That has been fully disclosed.

11. The Boyd-Firm and the Jordan-Firm have made the following specific disclosures:

- On 2/21/24 the Application to Employ was filed (Dkt #37) accompanied by the following declarations of Special Counsel:

  - The Boyd-Firm Declaration states on page 2 of the declaration that
    "Other than as set forth herein, neither I, nor BBLF, nor any of its shareholders, of counsel, or associates, to the best of my knowledge, have any connection with the Debtor, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee. BBLF does represent creditor, Mary Kay McGuffin, who has been fully apprised of the proposed representation of the Estate by BBLF and she has consented to this representation. Disclosure of any future connection, if any, will be made to the Court. BBLF has no known connections to the Trustee."

  - By Supplement to the Declaration the Boyd-Firm filed a Clarification on March 1, 2024, Boyd-Firm Supplement to its Declaration (Dkt #42) states at ¶ 5:
    "Other than as set forth herein, neither I, nor BBLF, nor any of its shareholders to the best of my knowledge, have any connection with the Debtor, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee. BBLF does represent creditor, Mary Kay McGuffin, who has been fully apprised of the proposed representation of the Estate by BBLF and she has consented

to this representation. Disclosure of any future connection, if any, will be made to the Court. BBLF has no known connections to the Trustee."

o   Jordan Declaration at page 2, ¶ 4 states:

"Other than as set forth herein, neither I, nor J&O, nor any of its shareholders to the best of my knowledge, have any connection with the Debtor, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee. J&O filed a notice of appearance on behalf of creditor, Mary Kay McGuffin but no formal fee agreement was signed or entered into. Disclosure of any future connection, if any, will be made to the Court. J&O has no known connections to the Trustee."

o   The Jordan-Firm Supplement to its Declaration states in ¶ 4:

"Other than as set forth herein, neither I, nor J&O, nor any of its shareholders to the best of my knowledge, have any connection with the Debtor, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee. J&O filed a notice of appearance and request for notice on behalf of creditor, Mary Kay McGuffin but no formal fee agreement was signed or entered into, and that prior representation was for convenience of the client. J&O has not been retained by Mary Kay McGuffin and will not be representing her interest while retained as "Special Counsel" to the Trustee. Disclosure of any future connection, if any, will be made to the Court. J&O has no known connections to the Trustee."

12.     Regarding only McGuffin, the CES Motion to Disqualify concludes that Special Counsel "failed to disclose the ***true nature*** of McGuffin's connection and interest in this Bankruptcy Case and only identified  McGuffin as a 'creditor' of the Debtor's  bankruptcy estate." [*See*, pg. 2 ¶3 Motion to Disqualify (Emphasis Added)].  Interestingly CES claims that McGuffin is not a creditor in its omnibus objection CES has filed to the McGuffin claim and the claims of the two other purported equity owners of Debtor-CWS. CES fails to explain what the "true nature" of McGuffin's claim that was not disclosed or explain why the non-disclosure makes any difference to the Special Counsel retention.

13.     Finally, the CES Motion to Disqualify concludes that "[b]ecause BBLF's and J&O's prior representation is an *actual conflict of interest* that was *not adequately disclosed* in

their employment application, Cinch Energy moves to disqualify BBLF and J&O from representing the Trustee as special counsel." [*See*, ¶3, pg. 3, Motion to Disqualify]. No authority was cited for this argument and mere conclusion, likely because all case authority is exactly the opposite. Special Counsel often has represented creditors and frequently even the debtor in the same case special counsel is retained (See, infra-Arguments and Authorities), just as the retention and disclosure of Special Counsel demonstrate here.

### III.
### ALLEGATIONS OF JURISDICTION AND VENUE

14.     Special Counsel admit the allegations of ¶¶ 4 and 5 of the Motion to Disqualify.

### IV.
### ADDITIONAL RESPONSES TO FACTUAL ALLEGATIONS
### ADMISSIONS AND DENIALS

15.     Special Counsel admits the allegations set out in ¶¶ 6, 7, 8 [except the legal conclusion that the Jordan-Firm does not remain "counsel of record" by the mere filing of a notice of appearance and request for notices], 9, 10 [except that in the context of a bankruptcy, that the term "insider" must be defined each time it is used in reference to a Debtor], 11, 12 (except that the Boyd-Firm Declaration omits any reference to McGuffin's purported equity interest in the Debtor which issue had already been the subject of improper litigations brought by O'Finan on behalf of Debtor-CWS in this bankruptcy case (without authority to do so) to declare the ownership of Debtor-CWS and McGuffin's interest – *hardly an issue not fully known to CES. See*, Adversary 24-05007 Dkt #5 voluntarily dismissed by CES/O'Finan upon threat of sanctions.

16.     Special Counsel admits generally the summary of the Jordan-Firm Declaration in ¶ 13 but denies that the Jordan-Firm "remains counsel of record for McGuffin" and disputes that McGuffin is "its client." Additionally, the Jordan-Firm as Special Counsel has no duty to inquire or disclose issues regarding its Co-Counsel Boyd-Firm, but states that it does not know of any

disqualifying conflict or adverse interest of the Boyd-Firm. Conversely, the Boyd-Firm states that it does not know of any disqualifying conflict or adverse interest of the Jordan-Firm.

17.     Special Counsel admits ¶ 15 that this Court entered its order approving Special Counsels' retention on April 2, 2004, "without a hearing" because under the rules of this Court and the Bankruptcy Rules of Procedure, no hearing is required after the passage of certain time limits to object, with no objections filed.

18.     Special Counsel admits ¶ 15 that McGuffin filed a proof of claim in the Debtor-CWS bankruptcy.

19.     Special Counsel admits the ¶16 that CES (claiming to do so as an "interested party") filed an objection to the McGuffin Proof of Claim but does not admit the summary of the "basis" of the objection.[6]

20.     Special Counsel admits generally in ¶ 17 the summary of existing litigation by McGuffin in the Texas State District Court but reference to the attached pleading is the best and accurate evidence.

21.     Special Counsel admits generally in ¶ 18 the summary of the Third Amended Complaint but reference to the attached pleading is the best evidence.

---

[6]     The law on "standing" to object to a proof of claim by a "party in interest" in a Chapter 7 case calls into question whether CES (controlled by Shumate) has standing to object to the McGuffin proof of claim. *In re Gulph Woods Corp.*, 116 B.R. 423, 429 (Bankr. E.D. Pa. 1990) (debtor has standing to object to a claim *if disallowance* may result in a solvent estate); *see, also In re Hart Oil & Gas, Inc.,* No. 11-12-13558 TA, 2013 Bankr. LEXIS 3128, at *11 (Bankr. D.N.M. Aug. 2, 2013). *In re McCorhill Publishing, Inc.*, 89 B.R. 393, 396 (Bankr. S.D.N.Y. 1988) (in a liquidation under chapter 7, a debtor has standing to object to claims where disallowance of the claims would produce a surplus); *In re Sobiech*, 125 B.R. 110, 113 (Bankr. S.D.N.Y. 1991); *In re Silverman*, 10 B.R. 734, 735 (Bankr. S.D.N.Y. 1981), *aff'd* 37 B.R. 200 (S.D.N.Y. 1982); *In re Vebeliunas*, 231 B.R. 181, 190 (Bankr. S.D.N.Y. 1999), appeal dismissed, 246 B.R. 172 (S.D.N.Y. 2000) (debtor is a party in interest in a chapter 7 case only if there is a chance of solvency). These cases deal with *all* "party in interest" standing to object to claims and it is beyond argument that the allowance or disallowance of the McGuffin claim will have no possible result of a solvent CWS.

22. Special Counsel does not admit or deny the allegations of ¶ 19 that the complaint is fairly summarized and in any event objects that these arguments are not relevant to the status of Special Counsel.

23. Special Counsel does not admit or deny the allegations of ¶ 20 that the complaint is fairly summarized by the single quoted provision and objects that these arguments are not relevant to the status of Special Counsel.

24. Special Counsel does not admit or deny the allegations of ¶ 21 that the complaint is fairly summarized by the single quoted provision and alleges that these arguments are not relevant to the status of Special Counsel.

25. Special Counsel admits the allegation in ¶ 22 that, because all State Court litigation is stayed, that the Boyd-Firm remains counsel for McGuffin because such case is wholly inactive and requires no ongoing representation.

26. Special Counsel generally admits the allegations of ¶ 23 that no suggestion of bankruptcy has been filed in the stayed State Court litigation;  that the Boyd Firm has not moved, in that stayed case, to withdraw from representation of McGuffin in that stayed case because such case is wholly inactive and requires no ongoing representation.

27. Special Counsel generally admits the allegations of ¶ 24 that no suggestion of bankruptcy has been filed in the stayed State Court litigation; that the Boyd Firm has not moved, in that stayed case, withdraw from representation of McGuffin in that stayed case.

28. Special Counsel generally admits the allegations of ¶ 25 that no suggestion of bankruptcy has been filed in the stayed State Court litigation or that the Boyd Firm has not moved, in that stayed case, to withdraw from representation of McGuffin in that stayed case because such case is stayed, wholly inactive, and requires no ongoing representation.

**V.**
**ARGUMENTS AND AUTHORITIES**
**RETENTION OF THE TRUSTEE'S COUNSEL AS "SPECIAL COUNSEL"**

**A.**      **Waiver of the Right to Object to Retention**

29.      As a threshold matter, CES has clearly waived its right to seek disqualification of Special Counsel.  Although there is no legal or factual basis for any disqualification of Special Counsel, upon the application of the Trustee to retain "special counsel" all parties were noticed, including the Movant and its then-counsel for CES/O'Finan, using the proper Notice and Hearing language that cautions that rights may be lost if responsive action is not taken. Not only was CES's counsel immediately notified of the initial and supplemental applications to be retained as Special Counsel on the day of filing, but also the CES counsel O'Finan (i) was CES's and Shumate's counsel in the stayed State Court litigation and had full knowledge of the facts asserted in that stayed case; and (ii) appeared in multiple hearings before this Bankruptcy Court arguing to the Court that Special Counsel should not be retained due to a purported "conflict of interest."  The Court each time admonished counsel for CES to file an objection to the application if CES desired to pursue any objection, but that without an objection the Court would not consider counsel's arguments and remarks, Transcript Thursday **April 25, 2024**:

Beginning pg. 18, line 19:  Paul O'Finan:

Pg. 18

| 19. | First of all, he's claiming there's a conflict of |
| 20. | interest.  What you should know, Judge, is that Mr. Boyd and |
| 21. | Mr. Jordan, they represent K.C. McGuffin -- Mary Kay McGuffin. |
| 22. | Mr. Boyd has represented Mary McGuffin -- Mary Kay McGuffin |
| 23. | since 2020.  August 25th, 2020, Mr. Boyd filed a lawsuit |
| 24. | against Tom Shumate, Cinch Energy Services and I think Wireline |
| 25. | was included in that in Corpus Christi in one of the District |

Pg. 19

| 1. | courts in Nueces County. |
| 2. | Mr. Boyd is opposing counsel.  I took over that case |
| 3. | approximately a year and a half ago defending Mr. Shumate, |

4. Cinch Energy Services and Wireline was a marginal Defendant in
5. that case. And I have no documents that are specific to
6. Wireline or confidential communications with Wireline itself.
7. All my communications have been with Mr. Pollard and
8. Mr. Shumate on behalf of Cinch Energy Services.

….

Pg. 26

13 **THE COURT:** All right, thank you.
14. So, Mr. Lowe -- well, hang on.
15. Mr. Lowe, may I visit with you for just a minute?
16. Were you aware of the fact that your counsel had represented
17. Ms. -- is it McGuffin -- in a related lawsuit?
18**.** **MR. LOWE:** Patrick Lowe, Trustee. Yes, and their
19. affidavits say that and the 327(c) of the Code authorizes the
20. employment of counsel for the Trustee in those circumstances as
21. long as it's disclosed.
22**.** **THE COURT:** That's why I asked you to come up here.
23. So you were aware of it. It was disclosed pursuant to 327(c)?
24**.** **MR. LOWE:** They told me from the very beginning and
25. it's in their affidavits and everyone had 21 days to object to

Pg. 27

1. the application. No one objected and the order itself was --
2. became final and it was entered on the docket for more than 14
3 days.

Not only was the prior relationship with McGuffin fully disclosed to the Trustee, to this court, and all creditors and parties-in-interest of record, this court admonished counsel O'Finan several times that if he had an objection, he should file it and set it for hearing. Counsel O'Finan did not file any objection and although he purports to still represent CES, has not participated in this Motion to Disqualify.

30. In response, and notwithstanding the Notice language cautioning that Objections *must be filed by a date certain*, CES and it counsel knowingly failed to file any objections to the Trustee's request to retain Special Counsel or even object the Court's Order approving the appointment, opting instead to ignore the notice language and strategically wait to file an objection

if CES and the other Defendants (represented by the same counsel) were not able to avoid imposition of injunctive relief and their defensive arguments to the target Defendants liability began to significantly deteriorate. Five (5) months after the initial notice to CES, and after this Court approved the Special Counsel Application without objection by CES, and after a Preliminary Injunction was entered ***by agreement without objection***, this objection was finally made. The motive for the delay in objecting seems obvious (more and more fraudulent conduct has been disclosed by Shumate and CES under the control of Shumate by Special Counsel's investigations), but in any event clearly under case law and this Court's Notice Local Rules, waiver of these objections has knowingly occurred. *In re Weilert*, Nos. 13-16155-B-7, MCW-1, 2016 Bankr. LEXIS 4235, at *2-3 (Bankr. E.D. Cal. Dec. 8, 2016) recognizes that just such a waiver will occur if known and ignored in the contest of employment of attorneys as "special counsel" to the Trustee under § 327(e):

> … WCT most likely waived any objection to Attorney Spitzer's appointment *by failing to object at the time of Attorney Spitzer's Application*. WCT received notice of the Application, and no objection was filed.

> [A]ny conflict arising as a result of Attorney Spitzer's representation of Pendragon in the Ranch Litigation was waived by the Trustee through his General Counsel and the Application was noticed to all creditors before Attorney Spitzer was appointed.

> While the policy of section 327(a) requires a professional to give undivided loyalty to the client, *this requirement may be waived in appropriate …..* (*citing*) *In re Wheatfield Business Park LLC*, 286 B.R. 412, 423 (Bankr.C.D.Cal., 2002). (Emphasis Added_

*See, also Williams v. McDermott & Trayner, P.C. (In re White Mt. Cmtys. Hosp., Inc.)*, No. AZ-04-1569-MoSB, 2006 Bankr. LEXIS 4844 at *21 (B.A.P. 9th Cir. Mar. 21, 2006):

> The court, having an intimate knowledge of this bankruptcy case as well as the merits and nature of this dispute, approved the Stipulation (retaining Special Counsel). Williams was not deprived of any due process, and in fact did not specifically object to the procedure. Any objection he may now have regarding the process (of retaining Special Counsel) is waived.

And even assuming *arguendo* that there was a grounds for disqualification (which Special Counsel vigorously deny), an unreasonable delay will warrant denial of an otherwise meritorious disqualification motion. *See, e.g. Ipatt Group, Inc. v. Scotts Miracle-Gro Co.*, 2013 U.S. Dist. LEXIS 84719, 2013 WL 3043677 at *6 n.6 (D.Nev. Jun 17, 2013). A court should deny a motion for disqualification if the moving party unreasonably delayed filing the motion. *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87-88 (9th Cir. 1983) ("It is well settled that a former client who is entitled to object to an attorney representing an opposing party ... but who knowingly refrains from asserting it promptly is deemed to have waived that right."); *Emp'rs Ins. of Wausau v. Albert D. Seeno Constr. Co.*, 692 F. Supp. 1150, 1165 (N.D. Cal. 1988); *See, also, Openwave Sys. Inc. v. Myriad France S.A.S.*, No. C 10-02805 WHA, 2011 U.S. Dist. LEXIS 35526, 2011 WL 1225978, at *6-7 (N.D. Cal. Mar. 31, 2011) (finding four-month delay in moving to disqualify justified denial of motion); *Skyy Spirits, LLC v. Rubyy, LLC*, No. C 09-00646 WHA, 2009 U.S. Dist. LEXIS 109641, 2009 WL 3762418, at *4 (N.D. Cal. Nov. 9, 2009) (concluding that eight-month delay supported denial of motion).

### B. There is No Disqualifying Adverse Interest – Full Disclosure by Special Counsel Has Been Made

31. Significantly, § 327(e) relaxes the conflict-of-interest standard of § 327(a) by not requiring "special counsel" to be disinterested. *See*, Bankruptcy Code 327(e*); See, also In re J.S. II, LLC.*, 371 B.R. 311, 320-21 (Bankr. N.D. Ill. 2007; *In re Garcia*, No. 16-10231, 2016 Bankr. LEXIS 4442, at *29 (Bankr. S.D. Tex. Dec. 22, 2016). Rather, § 327(e) allows counsel who has "no adverse interest" to the debtor and the estate to "render valuable services" as special counsel even if they cannot meet the disinterested standard. *Id. In re* J.S.II, LLC, at 318. [quoting *In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 227 (Bankr E.D. Va. 1989)].

32. An important distinction is counsel hired for a special purpose (*e.g*., as here, to

handle a distinct adversary proceeding or contested matter dealing only with specific asset recovery and insider fraud), although § 327 prohibits an attorney from simultaneously representing a creditor and a trustee *as a general counsel*[7] such professional may represent the trustee as special counsel for specific and limited purposes. *In re Contractor Tech., LTD,* 2006 U.S. Dist. LEXIS 34466 (S.D. Tex. May 30, 2006)*; In re Maynard*, 172 B.R. 353, 355 (Bankr. M.D. Fla. 1994); *See, also In re Woodworkers Warehouse, Inc.,* 323 B.R. 403 (D. Del. 2005);[8] *cf. In re Running Horse, L.L.C.*, 371 B.R. 446 (E.D. Cal. 2007). In either event, as here, all relationships to various parties to a bankruptcy must be disclosed. In this case, not only have all prior relationships been fully disclosed but everyone (Creditors, the Trustee, the Court, and McGuffin) the continued relationship has been either terminated (as to the Jordan-Firm) or has been stayed and in wholly inactive in the State District Court. Special Counsels' Declarations acknowledge that that status changed the Declaration would be further supplements. The status and relationship has not changed.

33.     Employment of "special counsel" is treated in §§ 327(b) and (e). Where a trustee seeks to retain counsel "for a specified special purpose . . . an attorney that has represented the

---

[7]     Counsel retained for the general representation of a debtor-in-possession/trustee, has a fiduciary duty to the post-bankruptcy entity and not to "the stockholder, director, officer, employee representative or other person connected with the entity." *In re Bellevue Place Assocs.*, 171 B.R. 615, 626 (Bankr. N.D. Ill. 1994). Thus, counsel for the debtor-in-possession/trustee owes its fiduciary responsibility to the *postpetition entity* -- not the prepetition entity or its principals or any creditor. Counsel retained for the general representation of the debtor-in-possession/trustee accordingly must not hold or represent *an interest adverse to the estate* and *must be a "disinterested persons."* *In re Sidco, Inc.*, 173 B.R. 194 (E.D. Cal. 1994); *In re Bellevue Place Assocs.*, 171 B.R. 615, 626-27 (Bankr. N.D. Ill. 1994) (comprehensive discussion of meaning of "adverse interest"); *see generally* 11 U.S.C. §§ 327(a).

[8]     In re Tri-State Financial, LLC, 2008 U.S. App. LEXIS 10236 (8th Cir. May 13, 2008). [In this opinion the court held that, under §327(c) of the Bankruptcy Act, the trustee could retain a lawyer who represented a creditor if the representation was disclosed and if any dispute that arose between the estate and that creditor was handled by a different lawyer.]; In re Buffalo Coal Co., 2008 Bankr. LEXIS 1259 (N.D. W. Va. April 30, 2008) [Law Firm approved as special accounting only where its client was a creditor's committee counsel]; In re Tri-State Financial, LLC, 2008 U.S. App. LEXIS 10236 (8th Cir. May 13, 2008) [The court held that, under §327(c) of the Bankruptcy Act, the trustee could retain a lawyer who represented a creditor if the representation was disclosed and if any dispute that arose between the estate and that creditor was handled by a different lawyer].

debtor or a creditor, (may do so) if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*." *In re Weilert*, Nos. 13-16155-B-7, MCW-1, 2016 Bankr. LEXIS 4235, at *2 (Bankr. E.D. Cal. Dec. 8, 2016). 11 U.S.C. § 327(b). Even the fact that special counsel represented the Debtor pre-petition on, for example, a contingent fee "does not disqualify (the lawyer) from acting as *special counsel to the Trustee* in an Adversary Proceeding under 11 U.S.C. § 327(e), without needing to reach the question as to whether (the lawyer) would be "disinterested" within the meaning of 11 U.S.C. § 327(a). *Fender v. Sec. Watch, Inc. (In re Fender),* 19 Fla. L. Weekly Fed. B 365 (U.S. Bankr. S.D. Fla. 2006). *In re Maynard, 172 B.R. 353, 355 (Bankr. M.D. Fla. 1994.*

34. However, just as to general counsel, special counsel must have no "adverse interest," but only "with respect to the matter on which such attorney is to be employed." There is also no "disinterestedness" requirement. *Williams v. McDermott & Trayner, P.C. (In re White Mt. Cmtys. Hosp., Inc.)*, No. AZ-04-1569-MoSB, 2006 Bankr. LEXIS 4844, at *5-6 (B.A.P. 9th Cir. Mar. 21, 2006).

> Appellant David L. Williams, M.D. [*6] ("Williams), a creditor and former employee of Debtor, also objected to the Employment Application and to the fees and claim of McDermott.**5** Williams' primary objection was that the members of McDermott were not licensed to practice law in Arizona and thus the firm was representing Debtor "illegally." Williams also noted that McDermott had not demonstrated sufficient cause for nunc pro tunc employment.

The Court held that a prepetition claim against debtor did not disqualify it from being special counsel under § 327(e). Even if the firm's members were not authorized to practice in Arizona, the bankruptcy court could approve out-of-state counsel for debtor.

35. Williams was given an opportunity to, and did, object to the Stipulation. McDermott responded to the objection and the court thereafter approved the Stipulation. Williams

was given multiple opportunities to air [*21] his substantive objections to the Fee Application, the Employment Application and the Stipulation. The court, having an intimate knowledge of this bankruptcy case as well as the merits and nature of this dispute, approved the Stipulation. Williams was not deprived of any due process, and in fact did not specifically object to the procedure. *Any objection he may now have regarding the process is waived*. Id. *20-21. (Emphasis Added.)

36.     A professional has an adverse interest if the individual has "possession or assertion of any economic interest that tends to lessen the value of the debtor's estate or creates an actual or potential dispute in which the estate is a rival claimant." *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012). The Fifth Circuit has noted that "special counsel employed under § 327(e) need only avoid possessing interests adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*." *In re W. Delta Oil Co.*, 432 F.3d at 357 (quoting § 327(e)); *see also In re Graves*, 2008 Bankr. LEXIS 3244, 2008 WL 4179530, at *2 (acknowledging that courts will allow special counsel who represented debtors prepetition to be employed if they do not hold an adverse interest to the estate, "*notwithstanding their holding of prepetition claims*"). *In re Garcia*, No. 16-10231, 2016 Bankr. LEXIS 4442, at *33-34 (Bankr. S.D. Tex. Dec. 22, 2016). (Emphasis added).

37.     The fact that Special Counsel previously represented a creditor in the case in which Special Counsel appointment is requested does not disqualify the proposed special counsel. *In re Homestead Cmty. at Newtown, LLC*, 390 B.R. 32, 47-48 (Bankr. D. Conn. 2008) dealt with the special counsel's creditor-client relationship, holding:

> "[I]n applying Section 327(a) . . . [to a "special counsel" situation, courts] should reason by analogy to [Section] 327(e), so that where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's . . . client with respect to the specific matter itself.") (quoting *AroChem*, 176 F.3d at 622 (internal quotation marks omitted)).

38.     Of course, here the Jordan-Firm no longer has any attorney client relationship with McGuffin, and the Boyd-Firm only remains counsel of record in only cases that are stayed and wholly inactive.  Accordingly, there is no disqualifying adverse interest between Special Counsel or the Trustee and McGuffin.  Interestingly, the Movant argues in its objection to the McGuffin proof of claim that McGuffin is an equity holder *and thus not even a creditor*.

39.     In this case disclosure was clearly attempted by Special Counsel and in the opinion of Special Counsel it was fully and openly made.  No reasonable person could fairly argue that the Declarations of Counsel failed to disclose all prior relationships with McGuffin, which in both cases only involved Cinch Wireline Services, LLC.  However,  even were this Court to find that the disclosures were not complete, or in some fashion confusing or misleading, a bankruptcy court has "substantial discretion to grant an application to employ a professional for the estate. *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012);  *In re Garcia,* No. 16-10231, 2016 Bankr. LEXIS 4442, at *18 (Bankr. S.D. Tex. Dec. 22, 2016); *In re Film Adventures International*, 75 B.R. 250, 253 (9th Cir. BAP 1987); *In re Lewis*, 113 F.3d 1040, 1045-6 (9th Cir., 1997). It is clear that the bankruptcy court has discretion to excuse even the failure to disclose, much less the incomplete or confusing disclosures.  *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012); *In re Palacios*, 2016 Bankr. LEXIS 249, (2016 WL 361569, at *9);  *In re Garcia*, No. 16-10231, 2016 Bankr. LEXIS 4442, at *18 (Bankr. S.D. Tex. Dec. 22, 2016); *First Interstate Bank of Nevada, N.A. v. CIC Inv. Corp. (In re CIC Inv. Corp.)* 175 B.R. 52, 54 (9th Cir. BAP 1994).  If the bankruptcy court finds there is no need for remedial measures, it appropriately can excuse the failure in the exercise of this discretion. *Id. citing In re Film Adventures International*, 75 B.R. at 253. *See, also In re Weilert,* Nos. 13-16155-B-7, MCW-1, 2016 Bankr. LEXIS 4235, at *20, 21 (Bankr. E.D. Cal. Dec. 8, 2016).

40.     Note should be taken of the Objection itself, in particular ¶¶ 20 – 25 arguing and attaching McGuffin's pleadings in the State District Court.  Shumate is a target Defendant in the State District Court and has substantial liability if McGuffin establishes here claims of deprivation of the opportunities and distributions (*e.g.*, from the "Deposit Account" co-mingled funds, much of which were distributed both directly and indirectly to Shumate and no other owners).   Likewise, Special Counsel has continued to uncover fraud directed by Shumate and the Civil Conspiracy described in the First Amended Complaint.  The State District Courts have limited authority to discovery that which this Court may compel - to wholly and complete discover all "acts, conduct, and property of the estate, no matter where located."  Shumate the Conspiracy are highly motivated to remove the Trustee's counsel and stop the investigations and disclosures of his fraud and controlled "alter ego" fraud.

**IV.**
**CONCLUSION**

41.     There is no failure to disclose fully, openly, and fairly the Special Counsels' relationship with McGuffin.  Most critically as to the Boyd-Firm, CES, Shumate and the other Individual-Defendants in the Trustees Adversary against them (who are also Defendants in the State Court) know full well the minute details of McGuffin and the Boyd-Firm.  No one has been deprived of information that such party or party in interest did not already know and no attempt to even suggest that the Motion was necessary after certain undisclosed facts became known.  This is Shumate's continued push to delay and obstruct Special Counsel, just as he has been sanctioned in this Court to doing, and just as he continues to do,

42.     The CES Motion lacks merit and should be denied in all things.

Dated:  August 9, 2024

Respectfully submitted,

By:   */s/ Shelby A. Jordan*
    Shelby A. Jordan
    St. Bar No. 11016700
    Antonio Ortiz
    St. Bar No. 24074839
    ***JORDAN & ORTIZ, P.C.***
    500 North Shoreline Blvd., Suite 804
    Corpus Christi, TX 78401
    Telephone: 361.884.5678
    Facsimile: 361.888.5555
    Email:     sjordan@jhwclaw.com
            aortiz@jhwclaw.com
    Copy to:    cmadden@jhwclaw.com

    */s/ Butch Boyd*
    Butch Boyd
    State Bar No. 00783694
    Butch Boyd Law Firm, P.C.
    2905 Sackett Street
    Houston, TX 77098
    713.589.8477
    713.589.8563 (Fax)
    Email:     butchboyd@butchboydlawfirm.com
            katrinaboyd@butchboydlawfirm.com

    **SPECIAL COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document was served to the attached Service List, by the CM/ECF system and via electronic mail on August 9, 2024.

**Brandon Craig Bickle**
Gable & Gotwals, PC
110 N Elgin Ave, Suite 200
Tulsa, OK 74120
(918) 595-4800
(918) 595-4990 (fax)
bbickle@gablelaw.com
*Assigned: 01/09/2024*

representing

**First International Bank & Trust**
*(Creditor)*

**Shawn K. Brady**
Brady Law Firm, PLLC
6136 Frisco Square Blvd., Suite 400
Frisco, TX 75034-5891
469-287-5484
sgodwin@brady-law-firm.com
*Assigned: 02/20/2024*

representing

**Ford Motor Credit Company**
Brady Law Firm
6136 Frisco Square Blvd., Suite 400
Frisco, TX 75034
469-287-5474
sgodwin@brady-law-firm.com
*(Creditor)*

**Beau Butler**
Jackson Walker LLP
100 Congress Avenue
Suite 1100
Austin, TX 78701
512-236-2256
bbutler@jw.com
*Assigned: 07/29/2024*

representing

**Pathward, National Association**
c/o Beau H. Butler
Jackson Walker LLP
100 Congress Avenue, Suite 1100
Austin, TX 78701
(512) 236-2000
bbutler@jw.com
*(Interested Party)*

**Annmarie Antoniette Chiarello**
Winstead PC
2728 N. Harwood Street
500 Winstead Building
Dallas, TX 75201
214-745-5410
713-650-2400 (fax)
achiarello@winstead.com
*Assigned: 06/28/2024*

representing

**Simmons Bank**
c/o Winstead PC Attn: Annmarie Chiarello
500 Winstead Building
2728 North Harwood Street
Dallas, TX 75201
2147455410
achiarello@winstead.com
*(Creditor)*

**Mitchell Clark**
Law Offices of J. Mitchell Clark
3722 Nahid Court
Corpus Christi, TX 78418
361-887-8500

representing

**Justin Sprencel**
4083 Emil Street
Robstown, TX 78380
3617715986

361-882-4500 (fax)
mitchell@txverdict.com
*Assigned: 03/14/2024*

justin@dbatcorpuschristi.com
*(Interested Party)*

**Laura Crabtree**
Dore Rothberg Law, PC
16225 Park Ten Place Dr.
Suite 700
Houston, TX 77084
(281) 829-1555
(281) 200-0751 (fax)
lcrabtree@dorelaw.com
*Assigned: 05/02/2024*

representing

**Hunting Titan, Inc.**
*(Creditor)*

**Carl Dore, Jr**
Dore Law Group, PC
17171 Park Row, Suite 160
Houston, TX 77084
(281) 829-1555
(281) 200-0751 (fax)
carl@dorelawgroup.net
*Assigned: 01/09/2024*

representing

**Hunting Titan, Inc.**
*(Creditor)*

**Jason Alexander Enright**
Winstead PC
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201
214-745-5844
214-745-5390 (fax)
jenright@winstead.com
*Assigned: 07/25/2024*

representing

**Simmons Bank**
c/o Winstead PC Attn: Annmarie
Chiarello
500 Winstead Building
2728 North Harwood Street
Dallas, TX 75201
2147455410
achiarello@winstead.com
*(Creditor)*

**James W. King**
Offerman and King, LLP
6420 Wellington Place
Beaumont, TX 77706
(409) 860-9000
(409) 860-9199 (fax)
jking@offermanking.com
*Assigned: 02/14/2024*

representing

**National Tank & Equipment, LLC**
c/o James W. King
6420 Wellington Pl
Beaumont, TX 77706
*(Creditor)*

**William B. Kingman**
3511 Broadway
San Antonio, TX 78209
(210) 829-1199

representing

**Craig Smith**
*(Attorney)*

bkingman@kingmanlaw.com
*Assigned: 05/28/2024*

**John Patrick Lowe**
2402 East Main Street
Uvalde, TX 78801
830-407-5115
pat.lowe.law@gmail.com
*Assigned: 02/21/2024*

representing

**John Patrick Lowe**
2402 East Main Street
Uvalde, TX 78801
830-407-5115
pat.lowe.law@gmail.com
*(Trustee)*

**John F Massouh**
Sprouse Shrader Smith P.C.
P.O. Box 15008
Suite 500
Amarillo, TX 79101
806-468-3300
806-373-3454 (fax)
john.massouh@sprouselaw.com
*Assigned: 01/09/2024*

representing

**A-7 AUSTIN, LLC**
c/o John Massouh
SPROUSE SHRADER SMITH
PO Box 15008
Amarillo, TX 79105
*(Creditor)*

**Mark C. Moore**
Foley & Lardner LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
214-999-4150
214-999-4667 (fax)
mmoore@foley.com
*Assigned: 07/18/2024*

representing

**Equify Financial, LLC**
*(Creditor)*

**Christopher S. Murphy**
Texas Attorney General's Office
PO Box 12548
Austin, TX 78711
512-475-4867
512-936-1409 (fax)
bk-cmurphy@oag.texas.gov
*Assigned: 01/08/2024*

representing

**Texas Comptroller of Public Accounts, Revenue Accounting Division**
Christopher S. Murphy
PO Box 12548
Austin, TX 78711-2548
*(Creditor)*

**Charles A. Newton**
Newtons Law
190 N. Millport Circle
The Woodlands, TX 77382
281-681-1170
281-901-5631 (fax)

representing

**Mark Lopez**
52 County Road 3011
Edna, TX 77957
*(Interested Party)*

chuck@newtons.law
*Assigned: 05/02/2024*

**Mary Rofaeil**
Foley & Lardner LLP
2021 McKinney Avenue
Suite 1600                            representing     **Equify Financial, LLC**
Dallas, TX 75201                                       *(Creditor)*
817-412-8022
mary.rofaeil@foley.com
*Assigned: 07/18/2024*

**Jameson Joseph Watts**
Husch Blackwell LLP
111 Congress
Suite 1400
Austin, TX 78701                      representing     **Frank Thomas Shumate**
512-479-1179                                           *(Interested Party)*
512-479-1101 (fax)
jameson.watts@huschblackwell.com
*Assigned: 05/27/2024*

*Assigned: 07/15/2024*                representing     **Cinch Energy Services, LLC**
                                                       *(Interested Party)*

**James Samuel Wilkins**
James S. Wilkins, PC                                   **Cinch Wireline Services, LLC**
1100 NW Loop 410, Suite 700                           146 Motts Parkway
San Antonio, TX 78213                 representing     Marion, TX 78124
(210) 271-9212                                         *(Debtor)*
jwilkins@stic.net
*Assigned: 12/13/2023*


/s/ Shelby A. Jordan
Shelby A. Jordan