## EXHIBIT "2"

**UNITED STATES BANKRUPTCT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **CINCH WIRELINE SERVICES,** | § | **Case No. 23-51742-cag** |
| **LLC** | § | |
| | § | |
| **Debtor.** | § | **Chapter 7** |

### SUPPLEMENTAL DECLARATION OF SHELBY A. JORDAN PURSUANT TO RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Shelby A. Jordan, a shareholder of Jordan & Ortiz, P.C., makes this Supplemental Declaration pursuant to 28 U.S.C. § 1746 and hereby certifies and verifies as follows in support of the *Supplement and Clarification of Application for Retention of Jordan & Ortiz, PC as Counsel for the Trustee Pursuant to 11 U.S.C. § 327(a)* (the "Application"):

1. I am a Shareholder of Jordan & Ortiz, P.C. ("J&O") a law firm which maintains offices for the practice of law at 500 N. Shoreline Blvd., Suite 804, Corpus Christi, Texas 78401, among one other location in Austin, Texas and I make this declaration with personal knowledge of the facts set out herein and under penalty of perjury.

2. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Texas, each Federal Court for the Southern, Eastern, Western and Northern District of Texas, the Fifth Circuit Court of Appeals, and the Supreme Court of the United States. I am familiar with the Rules of Procedure for the Bankruptcy Courts of the Western District of Texas and the Court Procedures for the Bankruptcy Court San Antonio Division. There are no disciplinary proceedings pending against me.

## EXHIBIT "2"

3.      I make this verified statement in support of the Application filed on behalf of John

Patrick Lowe, Chapter 11 Trustee (the "Trustee") to employ J&O as "SPECAL COUNSEL" in

this Chapter 7 case under 11 U.S.C. § 327(e) of the Bankruptcy Code and Rules 2014(a) and

2016(b) of the Federal Bankruptcy Rules of Procedure. Except as otherwise set forth herein, all

facts set forth in this statement are based upon my personal knowledge, upon client/matter records

of J&O reviewed by myself and staff or derived from information available to me which I believe

to be true and correct.

4.      The J&O shareholders, along with the law firm of Butch Boyd Law Firm, that will

make up the team representing the Trustee in the role as Special Counsel and have long-standing

experience serving as counsel in bankruptcy cases, complex, commercial litigation matters, and

debtor-creditor matters, and are well-qualified to represent the Trustee as Special Counsel in this

case.

5.      Other than as set forth herein, neither I, nor J&O, nor any of its shareholders to

the best of my knowledge, have any connection with the Debtor, their respective attorneys and

accountants, United States Trustee, or any person employed in the office of the United States

Trustee. J&O filed a notice of appearance and request for notice on behalf of creditor, Mary Kay

McGuffin but no formal fee agreement was signed or entered into, and that prior representation

was for convenience of the client. J&O has not been retained by Mary Kay McGuffin and will

not be representing her interest while retained as "Special Counsel" to the Trustee. Disclosure of

any future connection, if any, will be made to the Court. J&O has no known connections to the

Trustee.

6.      Neither I, nor J&O, nor any of its shareholders insofar as I have been able to

ascertain, represent any interest adverse to the estate and are disinterested persons. I instructed

## EXHIBIT "2"

J&O staff to run a search through our conflicts and practice management software on the relevant parties in this case, including the Debtor, creditors, and other parties in interest, and to send a firm-wide e-mail regarding those parties to all the members of the firm for each individual attorney to ascertain any conflicts or connections.

7.      Despite J&O efforts to identify and disclose its connection with the Interested Parties in this case, J&O is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if J&O discovers additional information that requires disclosure, J&O will file a supplemental disclosure with the Court.

8.      J&O has not received any retainer from the Trustee for this representation.

9.      Subject to the Court's approval, and in accordance with J&O's agreement with the Trustee, J&O intends to (a) charge for its legal services on a contingent fee basis, to be reimbursed solely from the bankruptcy estate *and only after court approval*, for its fees as detailed in the Application and attached engagement letter to the Application, and (b) seek reimbursement of actual and necessary out-of-pocket expenses solely from the bankruptcy estate and only after court approval, in connection with the rendering of legal services in accordance with J&O's policies for all clients regarding this type of engagement. J&O will maintain detailed, contemporaneous records of any actual and necessary services and expenses incurred in connection with the rendering of legal services described in the Application.

10.      Other than the Trustee's agreement to compensate J&O as described herein and to reimburse J&O for reasonable and necessary expenses incurred on behalf of the Trustee, J&O has not received any promises from the Trustee or any other person to compensate J&O in connection with the case.

## EXHIBIT "2"

11. Other than the disclosed sharing of the contingent fees, if any are earned neither J&O nor any member of J&O have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it or they have received or may receive for services rendered or expenses incurred in connection with the case except as disclosed in the Disclosure of Compensation Under 11 U.S.C. § 329 AND BANKRUPTCY RULE 2016(b), with another party or person (and except as among the partners of J&O and Butch Boyd Law Firm, P.C. pursuant to the terms of the contingent fee agreement), or (b) any compensation that another party or person has received or may receive for services rendered or expenses incurred in connection with this representation.

12. J&O and the professionals it employs are qualified to represent the Trustee in the matters for which J&O is proposed to be retained as Special Counsel.

13. I believe that J&O is eligible for employment and retention by the Trustee as counsel pursuant to the Bankruptcy Code and applicable Bankruptcy Rules.

14. I declare under penalty of perjury that the foregoing is true and correct."

Dated: February 29, 2024

_____
Shelby A. Jordan for the Firm